Dear Mr. Schmidt:
This office is in receipt of your opinion request of recent date concerning the following legal issues:
 1. Can a non-civil service, full-time sheriff's deputy run for elective office without taking a leave of absence or resigning his position?
 2. In the event the non-civil service, full-time employed sheriff's deputy is elected to the position of a Constable, will it be necessary for that deputy to resign his position with the Sheriff's office?
For purposes of the dual officeholding statutes, LSA-R.S. 42:61,et seq., note first that the position of deputy sheriff constitutes an appointed office, as authorized by LSA-R.S.33:1433(A), providing:
§ 1433. Appointment, oath, and bond of deputies
 A. (1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. Their appointment and oath must be entered on the records of the court. In addition to taking the oath of office, the said deputies shall, before commencing upon the discharge of their duties, each furnish a bond in the sum of five thousand dollars, with good and solvent sureties in favor of the sheriff appointing the said deputy, and the public, for the faithful performance of their duties . . . . . . . (Emphasis added).
The constable holds local elective office as provided in LSA-R.S.13:1879. Considering the nature of the two positions, and in regard to dual officeholding, LSA-R.S. 42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The prohibitory language of LSA-R.S. 42:63(D) would prevent simultaneous holding of these offices where the position of deputy sheriff is held on a full-time basis, as defined within the Dual Officeholding and Dual Employment Law:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
The law permits only the holding of local elective office and appointive office on a part-time basis.
With regard to the mandatory leave of absence, note that this office has previously concluded that a non-civil service employee of the police department may run for chief of police without taking a leave of absence from his job or resigning as long as he fulfills his job duties and does not use official time for election activities. He must campaign on off-duty hours. See Attorney General Opinion 92-256, attached. Similar reasoning would apply in the instant matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ________________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: July 2, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL